THE COMMONWEALTH OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, LUIS R. POLO, JUDGE, Respondent; VICENTE DE ARMAS, Intervener.

No. C-65-122.          Decided February 27, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Adaljisa Díaz de Collazo, Assistant Solicitor General,* for petitioner. *Canales & Segarra* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Vicente de Armas filed a complaint against the Commonwealth of Puerto Rico, alleging that he is the owner of a building erected on a lot belonging to the defendant, with the location, area, and boundaries described therein; that plaintiff wishes to acquire the lot in question by payment of $2,769 which he considers its fair value. The complaint closes praying that judgment be rendered accordingly.

The defendant filed a motion to dismiss the complaint on the ground that it did not adduce facts constituting a cause of action. The motion was submitted by memorandum and denied by the trial judge in an order which insofar as pertinent reads:

"As stated in plaintiff's memorandum, for the purpose of the motion to dismiss it is considered as admitted that said plaintiff is a builder in good faith of a construction erected on a lot property of the defendant. In this case the relations between the parties are regulated by the provisions of § 297 of the Civil Code, which considering the desirability of putting an end to the community of property establishes two formulas: a—the acquisition by the owner of the land of the building by previously paying the costs of the materials used in the construction as well as labor costs (*Ramos* v. *People*, 70 P.R.R. 588), or b—payment by the owner of the construction to the owner of the land of the value of the land which has been built upon. It grants the owner of the land, as the owner of the principal thing, the prerogative to elect the formula to be applied to put an end to the undivided ownership. But this in nowise means that the owner of the building may not seek to put an end to undivided ownership.

There is no doubt that the Commonwealth may raise as a defense that it does not wish to sell the lot on which plaintiff's building is erected and that it prefers to acquire the building by previously paying the corresponding indemnity, but it does not

mean that the builder in good faith may not seek to put an end to the undivided ownership, and to that effect have the state elect one of the two propositions provided in the aforesaid § 297. A contrary solution would be to leave to the exclusive discretion of the State the termination of the existing situation of undivided ownership between the parties."

We issued a writ of certiorari to review said order.

Once more we confront the construction of § 297 of the Civil Code (31 L.P.R.A. § 1164),[1] although in a new aspect as to whether said section grants the builder in good faith on another's land a cause of action to oblige the owner of the land to exercise the election granted to him by the law. At the time the complaint was filed said section provided:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own the work, sowing or planting, by previously paying the indemnity specified in sections 1468 and 1469 of this title, or to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent." (31 L.P.R.A. § 1164.)[2]

Plaintiff-appellee admits that this section, as has been held by this Court, grants the alternative to the owner of the land, in a case like the one at bar, of appropriating as his own, the work, by previously paying the corresponding indemnity or of compelling the owner of the building to pay him the value of the land.

However, he argues that as the Civil Code is against the indivision of the community, said section does not preclude

---

[1] Said section has been commented, among other cases, in *King* v. *Fernández*, 33 P.R.R. 722 (1924); *Echegaray* v. *District Court*, 72 P.R.R. 416 (1951); *Viera* v. *Arizmendi*, 74 P.R.R. 36 (1952); *Berrocal* v. *District Court*, 76 P.R.R. 35 (1954); *Toro* v. *Mojica*, 79 P.R.R. 593 (1956).

[2] This section was amended by Act No. 56 of June 16, 1964, but the amendment did not affect the right of election established in favor of the owner of the land inasmuch as it only consists of a variance in the determination of the indemnity which the owner of the land will pay to the builder if he elects to buy the building.

the owner of the building from requesting in court that the owner of the land exercise his right of election.

■ The aforesaid § 297 unequivocally parts from the premise that the owner of the land and the owner of the building are different, and in the conflict of interests which arises by reason of the construction, it overestimates the rights of the former and makes them arbiters to elect between the two pre-established solutions: on the basis that the principal thing is the land built upon, the construction being accessory.[3] But, would the owner of the land have the right to elect one of the two solutions granted by the Code if he could be forced to elect one of the two when the owner of the building so desires? Neither the principle embodied in the aforesaid section, nor the gloss which the commentators of the civil law have made thereof[4] induce us to believe that the Code reserved for the owner of the building the cause of action which he now seeks to exercise.

Sánchez Román states that:

"The situations in relation to the owner of the land on which another person, at his own expense, built, planted or sowed, and the extent of his right, seem to us perfectly clear: the former cannot lose the ownership of his land, whatever the changes incorporated by the action of a third person, and it is not sufficient that he be recognized that preferential right of acquiring what has been built, planted or sown. He who built, planted or sowed, cannot invoke his own action as a cause for the acquisition of a right of ownership, nor the resulting one, not only from its materials, seeds, trees, plants, and expenses for the act of its incorporation to another's land, but from this very incorporation, which is a different thing; the seeds, plants or materials, and even the expenses to be incorporated to the land, are not equal either to the *result* which they offer after the incorporation, and all of this is a consequence of attributing the property to the third person who can prove that he has

---

[3] 31 *Revista de Derecho Privado* 444.

[4] The section commented is § 361 of the Spanish Civil Code, equivalent to § 297 of ours.

planted, built or sowed, at his own expense, on another's land.

"These facts, in view of the principle of good faith, have a fair solution in the compensation; and in order that this right to the ownership of the thing incorporated, by previously paying the indemnity, does not become a forced burden almost unbearable to the owner of a land who is bound to it by the sowing, planting or building which was done in good faith by a third person, it was natural that this aspect be referred to a sphere of *willingness* and even to a certain *optional* condition of the owner of the land, which is all that can be contemplated by the language of § 361, in the passage *shall be entitled to appropriate the thing,* etc., as well as the *alternative* in equity which shall correspond to him to provoke the solution of being paid the price of the land by the person who built, planted or sowed on another's land in good faith, thus appropriating as his own, by the will of the owner, of the result of the incorporation and of the land on which it was made. Furthermore, assuming it was proved that the planting, sowing or building was done by a third person at his own expense, there exists, in favor of the owner of the land, the juridical doctrine of *accession* in one of its most natural applications, creating this acquisitive phenomenon which need not be maintained in equal hypothesis, in favor of a third person who performed those acts and suffered the expenses on another's land." (3 Sánchez Román, *Derecho Civil* 147, 148.)

■ An action like the one brought by the intervener herein can only seek the acknowledgment of an unknown or breached right. What right can be acknowledged to him in this section? The right of election corresponds solely to the owner of the land, not to the builder. The latter is entitled only to be compensated, provided the owner of the land elects to appropriate to himself the building, and until he is indemnified, he has the very important right to retain the building.[5]

■■ So that in the event the owner of the land elects to appropriate as his own the work, the builder in good faith has two acknowledged rights: (1) the right to indemnity,

---

[5] Sections 297 and 382 of the Civil Code; *Berrocal* v. *District Court,* 76 P.R.R. 35 (1954); *Ramos* v. *People,* 70 P.R.R. 588 (1949); *Rivera* v. *Santiago,* 56 P.R.R. 361 (1940).

and (2) the right to retain the thing until he is paid. Would the builder in good faith on another's land have the right to compel the owner of the land to exercise his option? The law does not recognize such right to him. The owner of the building may bring an action to enforce his right to indemnity and of retention when the owner of the land ignores or violates them.

On the other hand, § 297 does not set any period or term to the owner of the land to exercise his right of election granted by said section. The filing of an action to compel him to exercise the option has the practical consequence of setting a term, although it is not provided by the law, with the aggravating circumstance that his right of election may result illusory, if in electing to appropriate as his own the work, he is economically unable to pay the corresponding indemnity to the owner. The change in the formula to determine the indemnity which must be paid to the owner of the work, established by virtue of Act No. 56 of June 16, 1964, sheds some light on the question we are discussing. The amendment provides:

"The owner of the land which has been built upon in good faith shall have the right to appropriate as his own the work, by previously paying to the owner of the work the cost of the materials and labor, or the cost of reproducing the work at the time the owner of the land exercises his right, deducting depreciation, whichever is greater, or to compel the person who constructed to pay the value of the land."

It should be noted that on indicating in the alternative as indemnity, the cost of reproducing the work, this cost is set "at the time the owner of the land exercises his right," and if the law has not fixed any term to the owner of the land to exercise his right of election, it cannot be fixed by the owner of the building, which in its practical consequence is to what would amount the demand made by plaintiff in this case.

The order on review will be reversed and the case remanded to the court of origin to render judgment dismissing the complaint.